NOT FOR PUBLICATION

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-50110-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Cosmo Fredrick Moore, | |
| Defendant. | |

Defendant, through appointed counsel, filed a Motion for Relief under 18 U.S.C. §3582(c)(1)(A) (Doc. 63, Mot.) The Government filed its Response (Doc. 69, Resp.) in opposition, and Defendant filed a Reply (Doc. 74, Repl.). The Court has read and considered the above filings in determining the Motion.

In the instant matter, after serving a 70-month sentence for conspiracy to distribute, and to possess with the intent to distribute, 5 kilograms of more of cocaine, Defendant was under a 48-month term of supervised release, which the Court first revoked in 2016. Defendant currently is serving a 10-month term of incarceration for his second revocation in this matter, which the Court ordered December 3, 2020. (Doc. 57.) His projected release date is September 21 of this year—approximately one month from now.

Defendant moves the Court under Section 3582(c)(1)(A) for early release based on "extraordinary and compelling reasons." He urges such grounds are present in his case because of 1) "the spread of Covid-19 in the Federal holding facilities," to include FCI Victorville Medium II, where he currently is serving his term of incarceration; and 2) the

fact that Defendant is being treated for hypertension, asthma, abnormal EKG and Type II diabetes, which conditions make him particularly susceptible to severe or even fatal consequences should he contract the virus. (Mot. at 4.) The government opposes compassionate release. It asserts Defendant's refusal of the Covid-19 vaccine in May of this year belies his argument that the specter of Covid-19 for someone with his health issues constitutes "extraordinary and compelling reasons" for compassionate release. (Resp. at 1.) In any event, the government argues, Defendant poses a danger to the community and the factors set forth in 18 U.S.C. § 3553(a) weigh against reduction of his sentence. (Resp. at 1-2.)

18 U.S.C. §3582(c)(1), as modified by the First Step Act, allows an inmate to move the Court to reduce his sentence upon the satisfaction of three requirements. First, a defendant can only make such motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §3582(c)(1)(A)(i). Third, the Court also must find Defendant is not a danger to the community. 18 U.S.C. §3582(c)(1)(A).

In the instant case, that Defendant has met the first requirement—exhaustion—is uncontested. Defendant is therefore entitled to a review of his request on its merits. Upon such review, however, the Motion fails, as the Court concludes Defendant does not present an "extraordinary and compelling reason" to justify a reduction in sentence.

"Congress has delegated authority to the Sentencing Commission to 'describe what should be considered extraordinary and compelling reasons for sentence reduction.'" *United States v. Ebbers*, 432 F.Supp.3d 421, 427 (S.D.N.Y. 2020). This Court thus ordinarily would look to the United States Sentencing Guidelines ("Guidelines") to determine whether the reduction sought "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Relevant to this issue,

the Ninth Circuit recently held that because the United States Sentencing Commission has not updated Section 1B1.13 of the Sentencing Guidelines since the First Step Act of 2018 amended § 3582(c)(1)(A), Section 1B1.13 is "not an applicable policy statement for compassionate release motions filed by a Defendant under the First Step Act such as Defendant has filed here. *United States v. Aruda*, 993 F.3d 797, 798 (9th Cir. 2021). Thus, Section 1B1.13 is not binding on this Court in considering such motions, *Aruda*, 993 F.3d at 802, and the Court is free to—and does—consider whether other circumstances beyond those addressed in Section 1B1.13 constitute "extraordinary and compelling reasons" to grant relief under Section 3582(c)(1)(A). However, *Aruda* also provided that "Section 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant," id. at 802, and the Court thus still considers the guideline section in this limited light, as informative but not binding.

Application Note 1 to Section 1B1.13 provides that, all other requirements being met, "extraordinary and compelling reasons exist under any of the circumstances set forth below: . . . (A)(i) The defendant is suffering from a terminal illness; . . . (ii) The defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; . . . (B) The defendant is at least 65 years old; . . . (C) The death or incapacitation of the caregiver of the defendant's minor child or children; or (D) There exists in the defendant's case an extraordinary or compelling reason other than, or in combination with," the above circumstances. U.S.S.G. § 1B1.13 n.1 (2018). In the present case, Defendant does not argue that he meets the criteria in sections (A), (B) or (C) of Section 1B1.13, note 1. He does not allege he suffers from a terminal illness, or any other illness that has "diminished his ability to provide self-care" while incarcerated at CAFCC-Florence; he is 47, and therefore not "at least 65 years old"; and he does not suggest he has experienced the death or incapacitation of a caregiver to any minor children. Rather, Defendant argues that the risk of contracting COVID in a prison setting, and specifically in FCI Victorville Medium II,

coupled with his hypertension, asthma, irregular EKG and Type II diabetes, constitutes other extraordinary and compelling reasons justifying early release. The Court disagrees on the facts of this case.

First, Defendant does not demonstrate a concrete, substantial risk of contracting COVID-19 at this time. As of the date of this Order, FCI Victorville Medium II houses 1171 total inmates, and only one of those inmates currently has an active COVID-19 infection.[1] As noted at length in the government's response, BOP has undertaken substantial efforts to gain control of infections, resulting in these low numbers and concomitant lower risk for spread. This renders Defendant's argument about what harm he might suffer if he contracts the virus to be highly speculative even without the consideration of a highly effective available vaccine. Moreover, BOP has administered 210,773 doses of COVID vaccine to inmates and staff thus far nationwide. https://www.bop.gov/coronavirus, last visited August 16, 2021. Of the 3626 inmates at USP Victorville, Victorville Medium I and II, 2561—or 70.7 percent—have been fully inoculated, *id*., and all have been offered the vaccine.

To this last point, on May 25, 2021—nearly three months ago—Defendant was offered his first dose of the Moderna vaccine which, according to clinical tests and FDA findings, reduces his chance of contracting the virus at all by over 94 percent, and all but eliminates the chance of severe symptoms should he contract it, his co-morbidities notwithstanding. See FDA Decision Memorandum, Moderna—Feb. 25, 2021 https://www.fda.gov/media/144636/download. Defendant refused the vaccine.

In his Reply, Defendant asserts that he practices a faith known as Moorish American, and "feels that, as part of his lifelong religious practice, he should not take vaccinations." (Reply at 3.) The Court does not engage in the evaluation of whether Defendant's professed religious beliefs are sincerely held. But it finds Defendant's current assertion not credible in light of the contrary position Defendant previously took to

---

[1] https://www.bop.gov/locations/institutions/vvm, last visited August 16, 2021. The facility also reports one staff member currently has an active infection of the virus. Id.

- 4 -

vaccination in this litigation. In his Motion, Defendant based his argument for compassionate release on the unavailability of the vaccine and his resultant inability to protect himself from COVID-19 by receiving it:

> As of May 19, 2021, Mr. Moore reports that he has not received, or been spoken to about receiving, the Covid-19 vaccine. . . . [a]s of May 20, 2021, the Bureau of Prisons (BOP) has administered nearly all its Covid-19 [v]accines. . . .[a]nd currently, a vaccine cannot be relied upon as the supply has been nearly used and Mr. Moore has not been advised of *when he can expect to receive it*."

(Mot. at 3,5,8) (emphasis supplied.) In his Motion, then, Defendant indicated he desired and intended to take the vaccine, but its unavailability to him in prison, and a lack of assurance when it would become available justified his early release. This cannot be rectified with his later position—now that the government has demonstrated he was offered the vaccine and refused it—that he would never take the vaccine due to his religious beliefs. Defendant's current argument strikes the Court strongly as one of convenience, and the only one left now that unavailability of the vaccine no longer works.

Whatever the reasons for his refusal, the Court will not allow Defendant to create an increased risk to himself—and therefore try to conjure an "extraordinary and compelling" circumstance—by declining a readily available and overwhelmingly significant preventative measure. To do so would, in the words of another district court considering this issue, "reward" a movant for prolonging the risk to himself "with a sentence reduction." *United States v. Lohmeier*, 2021 WL 365773 at *2 (N.D. Ill. Feb. 3, 2021).

The Court finds the circumstances Defendant presents do not constitute extraordinary and compelling circumstances within Section 3582(c)(1)(A)'s meaning. Having so concluded, the Court need not reach the issue of whether Defendant represents a danger to the public if released early. For the above reasons,

1  **IT IS ORDERED** denying Defendant's Motion for Relief under 18 U.S.C. § 3582(c)(1)(A) (Doc. 63).

Dated this 18th day of August, 2021.

_____
Honorable John J. Tuchi
United States District Judge